IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KARLEE JOHNSON,

    Plaintiff,

v.                                      CASE NO. 3:17-cv-528-MCR-GRJ

WESAM FARAJ, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 35, Plaintiff's Motion for Attorney's Fees and Costs. Defendants did not file a response. The matter is therefore ripe for review. For the reasons discussed below, the undersigned recommends that Plaintiff be awarded attorney's fees in the sum of $26,100.00 and costs in the sum of $735.25, for a total award in the sum of $26,835.25.

### I.    Background

Plaintiff Karlee Johnson brought this lawsuit against Wesam Faraj individually and Bobba Ibrahim LLC d/b/a Mr. Sharks Eats and Treats for violations of the minimum wage provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, the Florida Minimum Wage Act (FMWA), Fla. Stat. § 448.110, and Art. X, § 24, of the Florida Constitution; and retaliation

1

in violation of FLSA § 215, the FMWA and Art. X, § 24, of the Florida Constitution. ECF No. 8. Bobba Ibrahim LLC owns and operates Mr. Sharks Eats and Treats ("Mr. Sharks"), a Pensacola-based restaurant where Plaintiff previously worked as a server. ECF No. 11 at ¶ 16. Faraj is the managing member of Bobba Ibrahim LLC. *Id.* at ¶ 14.

The law firm of Feldman Williams PLLC represented Plaintiff in this lawsuit. Defendants' retained counsel, however, after counsel filed an Answer to Plaintiff's Amended Complaint, Faraj instructed counsel to cease all work in defending both himself individually and Bobba Ibrahim LLC in this matter. Counsel withdrew and neither Defendant retained substitute counsel and ceased defending this lawsuit all together. ECF Nos. 15 & 16.

Thereafter, the district judge directed the clerk to enter a default against Bobba Ibrahim LLC for failing to retain counsel. ECF Nos. 24 and 25. After Faraj failed to respond to the undersigned's order compelling him to respond to Plaintiff's discovery requests and request for attorney's fees, the undersigned ordered Faraj to pay Plaintiff attorney's fees in the amount of $1,125.00. ECF No. 27.

Since counsel withdrew on October 25, 2017, Defendants have not responded to the Court's orders or otherwise participated in this litigation.

Faraj has not updated his current mailing address, effectively blocking all communication from the Court.

Plaintiff moved for summary judgment, which was unopposed by Defendants. ECF No. 31. The Court granted summary judgment as to Plaintiff's retaliation claims under the FLSA and FMWA and awarded $8,162.65 in damages for unlawful termination and awarded an equal amount in liquidated damages but denied summary judgment as to Plaintiff's minimum wage claims. Plaintiff then filed the instant Motion seeking a total of $26,100.00 in attorney's fees and costs of $735.25 incurred in connection with this litigation. Defendants did not file a response in opposition.

## II.   Discussion

The FLSA instructs that, "in addition to any judgment awarded to the plaintiff," for unpaid overtime compensation, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Because the FLSA seeks to protect employees from "inequalities in bargaining power between employers and employees," Congress had made its provisions mandatory. *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013), quoting *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). "The

determination of a reasonable fee pursuant to [§] 216(b) of the [FLSA] is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985).

To calculate reasonable attorney's fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011); citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). These amounts are multiplied together to determine the so-called "lodestar." *Id.*, citing *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149-50 (11th Cir. 1993). A lodestar figure "is itself strongly presumed to be reasonable." *Resolution Trust Corp*, 996 F.2d at 1150 (citation omitted). "[A]djustments to that fee then may be made as necessary in the particular case," *Blum v. Stenson*, 465 U.S. 886, 888 (1984). For instance, where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. *Hensley*, 461 U.S. at 434.

In determining the reasonable number of hours expended on the litigation, the Supreme Court requires fee applicants to exercise "billing

judgment." *Id.* at 437. To reflect proper billing judgment, attorneys "must exclude from their fee applications excessive, redundant or otherwise unnecessary [hours] . . . which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)) (internal citations and quotation marks omitted).

As to the hourly rate "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713 (11th Cir. 2014), quoting *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that his requested rate is reasonable. *Id.* The district court is entitled to rely on its own experience and judgment in coming to a reasonable hourly rate. *Id.*, quoting *Norman*, 836 F.2d at 1303.

Plaintiff's Motion requesting $26,100.00 in attorney's fees is based on a total of 69.6 hours expended at a rate of $375.00 per hour.

### A. Number of Hours Reasonably Expended

In support of her Motion, Plaintiff submitted the declaration of her counsel, Benjamin Lee Williams, founding partner and shareholder of Feldman Williams PLLC. ECF No. 35-1. According to the declaration, Mr. Williams spent 23.6 hours on the prosecution of this case, and Mr. Feldman spent 46 hours. Counsel also submitted detailed billing records setting forth with particularity the individual time expenditures and corresponding tasks. ECF No. 35-2.

Counsel's billing records reflect a reasonable number of hours expended on this litigation. There are no instances of excessive time being spent on individual tasks, billing for duplicated or irrelevant services, billing for work which normally would not be billed to a paying client, or billing for clerical work. In other words, the hours requested are commensurate with the amount of work required of Plaintiff's counsel to litigate this case, particularly in light of Defendants' recalcitrance in refusing to respond to this lawsuit.

### B. Hourly Rate

Turning to the next step in the lodestar analysis, determining a reasonable hourly rate for services rendered by Plaintiff's counsel, Mr.

Williams seeks an hourly rate of $375.00 per hour for the services of both himself and Mr. Feldman.

Mr. Williams' declaration establishes that Feldman Williams PLLC, a multi-office firm founded in 2017, is a practice dedicated almost exclusively to litigating labor and employment matters, the majority of which are wage and hour claims. ECF No. 31-1 at 2. Mr. Williams says that he has spent the last twelve years practicing labor and employment law and as a result has extensive experience prosecuting complex wage and hour cases in the Middle District of Florida.[1]

He further submits that since founding Feldman Williams PLLC in 2017, the founding partners began charging non-contingency based clients $400.00 per hour, a rate he says is consistent with the hourly rates charged by law firms of comparable size and expertise in Florida and consistent with court-approved attorney's fees in the federal court and his prior hourly fee awards. *Id.* at 3 (citing hourly fee awards he obtained in the Middle District of Florida in the amount of $300.00 per hour, $325.00 per hour, $350.00 per hour, and $400.00 per hour).

---

[1] Mr. Williams cites to a case in which he obtained a jury verdict for plaintiffs in a complex wage and hour case in the Middle District of Florida, *Kubiak et. al. v. S.W. Cowboy Inc. et. al.*, Case No. 3:12-cv-1306-MMH-JRK (M.D. Fla. Mar. 23, 2016), and several cases in which he prosecuted both single plaintiff and large, nationally certified collective actions in the Middle District of Florida. ECF No. 35-1 at 2.

As for Mr. Feldman, Mr. Williams submits that Mr. Feldman has extensive experience handling wage and hour litigation and that prior to founding Feldman Williams PLLC, he served as co-counsel to Mr. Williams in various employment law matters, including *Kubiak*, Case No. 3:12-cv-1306-MMH-JRK and *Gerondidakis v. BL Rest. Operations*, Case No. 8:12-cv-096-EAK-MAP (M.D. Fla. Aug. 26, 2013). *Id.* at 4. Mr. Williams further submits that Mr. Feldman has handled voluminous wage and hour claims in his twenty-year practice and cites to hourly fee awards he obtained in the Middle District of Florida in the range of $350.00 to $400.00. *Id.* at 4-5.

Mr. Williams' declaration supports the requested hourly rate of $375.00. Mr. Williams avers that the firm's non-contingency based clients are charged $400.00 per hour, which speaks to rates actually billed and paid to clients in similar lawsuits. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000) (What an attorney charges her clients is "powerful, and perhaps the best, evidence of [] market rate"). Moreover, counsel provides evidence of prior fee awards obtained in the $300.00 to $400.00 per hour range. Although these awards were obtained in the Middle District of Florida, Defendants have not contested this rate as excessive in the Northern District of Florida, and this Court previously awarded attorney's fees at the requested rate of $375.00 per hour when it

sanctioned Faraj in this lawsuit. In light of the reasons discussed, a $375.00 hourly rate is reasonable.

When the hours and rate are reasonable, a downward adjustment to a lodestar may be merited when the prevailing party was only partially successful in its efforts. *Hensley*, 461 U.S. at 434-36. Although Plaintiff's motion for summary judgment was granted only as to her retaliation claims, the Court finds that no downward adjustment is warranted here. As Plaintiff's counsel points out, the work of procuring Plaintiff's damages is not yet over. Defendants ceased defending this lawsuit in 2017. Plaintiff's counsel correctly anticipates having to undertake additional collections work to collect the damages in this case. Accordingly, because counsel, in all likelihood, will expend additional uncompensated hours in collecting on the judgment in this matter, no downward adjustment to the lodestar is warranted, and an award of attorney's fees in the full amount of $26,100.00 should be granted.

### C. Costs and Fees

In addition to attorney's fees, Plaintiff's counsel seeks $735.00 in litigation costs, including the $400.00 filing fee, $60.00 for serving each defendant and a material fact witness using a private process server, and

deposition costs of $135.00 ($180.00 in total) when Defendants failed to appear for the corporate representative deposition.

All of these costs and fees are taxable under 28 U.S.C. § 1920 and the FLSA. The FLSA provides for an award of "costs of the action" to be paid by the defendant to a prevailing plaintiff. 29 U.S.C. § 216(b). Courts may award as costs those expenses permitted by 28 U.S.C. § 1920; see *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). "Fees of the clerk and marshal" may be taxed as costs. § 1920(1). Accordingly, Plaintiff's request to be reimbursed for the $400.00 filing fee is appropriate.

Additionally, while § 1920(1) only mentions fees of the United States Marshal, fees of a private process server may be taxed, so long as they do not exceed the statutory fees authorized in § 1921, which is $65 per hour for each item served plus travel costs and out-of-pocket expenses. *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 C.F.R. § 0.114(a)(3)(2019). Therefore, counsel's request of $180.00 for personal service of process on three individuals is reasonable.

Depositions costs are also recoverable under § 1920(2). *See United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'"). Accordingly, Plaintiff's

request for $135.00 in deposition costs is reasonable and should be granted. Accordingly, for the reasons discussed, Plaintiff's counsel should be awarded $735.00 in litigation costs.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff should be awarded attorney's fees in the sum of $26,100.00 and costs in the sum of $735.25, for a total award in the sum of $26,835.25.

**IN CHAMBERS** at Gainesville, Florida, this 18th day of March 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.